United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| John Paul Beaudoin, Sr., | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | 22—CV-11356-NMG |
| | ) | |
| Maura T. Healey, et al., | ) | |
| Defendants. | ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiff John Paul Beaudoin, Sr. ("plaintiff") filed the First Amended Complaint ("complaint") against eight Massachusetts officials ("defendants") in August, 2021, asserting that the defendants violated his First and Fourteenth Amendment rights and seeking relief pursuant to 42 U.S.C. § 1983.[1]  Plaintiff alleges that he was disenrolled from the Massachusetts School of Law ("MSLaw") after he refused to

---

[1] Charles D. Baker, who was Governor of Massachusetts at the time of filing, was sued in his individual and official capacities.  His successor, Governor Maura T. Healey, is automatically substituted as a defendant for Governor Baker, with respect to the official-capacity claims. Fed. R. Civ. P. 25(d). The complaint also listed Julie Hull as a defendant, but she is no longer employed at the Office of Chief Medical Examiner, having left that office prior to the filing of this action.

-1-

receive the COVID-19 vaccine because of defendants' conduct. Defendants jointly filed a motion to dismiss, arguing that, among other things, plaintiff lacks standing. This Court agrees and, accordingly, will dismiss the case.

I.  **Background**

   A. **Facts**

   According to his complaint, plaintiff finished his first year of law school at MSLaw in May 2021. Plaintiff alleges that in June 2021, MSLaw instituted a mandatory COVID-19 vaccination for its students, citing data from the Center for Disease Control and the Commonwealth of Massachusetts. MSLaw permitted students to apply for a religious exemption to this vaccine mandate on its website.

   Although plaintiff requested a religious exemption shortly thereafter, MSLaw notified him to begin repaying his student loans in August 2021, just before the beginning of his second year of law school. Plaintiff contends that he learned that MSLaw had disenrolled him from the law school through that notification.

   B. **Procedural History**

   Plaintiff filed the case at bar against eight public officials of the Commonwealth of Massachusetts. He contends

that defendants overstated the number of deaths attributable to the COVID-19 pandemic and purposefully misled the public about the safety of the COVID-19 vaccine.  He seeks various forms of declaratory and injunctive relief, including an order requiring defendants to perform an independent audit of public health records and an order "enjoining all persons within the Commonwealth from administrating any covid vaccine."

In March, 2023, defendants filed a motion to dismiss (Docket No. 28), arguing that dismissal is appropriate because (1) plaintiff lacks standing, (2) plaintiff failed to state a claim upon which relief can be granted and (3) the Eleventh Amendment bars plaintiff's lawsuit.  With respect to standing, defendants aver that the complaint fails to allege a cognizable injury that can be fairly traced to any alleged action of the defendants.  In addition, a favorable decision would not purportedly redress the harm plaintiff suffered when MSLaw terminated his enrollment.

## II.  Legal Standard

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the subject pleading must contain sufficient factual matter to state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal,

556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the court can draw the reasonable inference that the defendant is liable for the misconduct alleged. Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

A court may not disregard properly pled factual allegations in the complaint even if actual proof of those facts is improbable. Id. at 12. Rather, the court's inquiry must focus on the reasonableness of the inference of liability that the plaintiff is asking the court to draw. Id. at 13.

In addition, at the motion to dismiss stage, "the plaintiff bears the burden of establishing sufficient factual matter to plausibly demonstrate his standing to bring the action." Hochendoner v. Genzyme Corp., 823 F.3d 724, 731 (1st Cir. 2016). "Neither conclusory assertions nor unfounded speculation can supply the necessary heft." Id. (citations omitted). A court must determine "whether the party invoking jurisdiction had the requisite stake in the outcome when the suit was filed." Massachusetts v. U.S. Dep't of Health & Hum. Servs., 923 F.3d 209, 221 (1st Cir. 2019) (quoting Davis v. Fed. Election Comm'n, 554 U.S. 724, 734 (2008)).

### III.     Application

Defendants submit that plaintiff does not have standing to bring this lawsuit.  Since "[i]t is axiomatic that Article III standing is a constitutional precondition to a federal court's power to adjudicate a case," Wine & Spirits Retailers, Inc. v. Rhode Island, 418 F.3d 36, 44 (1st Cir. 2005) (citations omitted), this Court must confirm that standing exists before proceeding.

> To have standing, a plaintiff must establish
>
> (1) an injury in fact which is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical," (2) that the injury is "fairly traceable to the challenged action," and (3) that it is "likely . . . that the injury will be redressed by a favorable decision."

U.S. Dep't of Health & Human Servs., 923 F.3d at 221-22 (quoting Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992)).

Plaintiff's complaint can be construed to allege two possible injuries in fact.  First, plaintiff insists that he, like "all citizens of the Commonwealth," has been injured by the defendants' purported efforts to mislead the public about COVID-19 and the efficacy of the COVID-19 vaccine.  Defendants correctly identify this to be the kind of "generalized grievance" about government conduct that the Supreme Court has

repeatedly explained is "insufficient to confer Article III standing." Hollingsworth v. Perry, 570 U.S. 693, 706 (2013); see Lujan, 504 U.S. at 573-74.

Plaintiff alternatively claims that he suffered an injury in fact because he has been deprived of the right to attain a legal education at the many law schools that now mandate COVID-19 vaccination. Even if this injury could be deemed "concrete and particularized" as well as "actual or imminent," Lujan, 504 U.S. at 560, which is doubtful, such an injury cannot be fairly traced back to defendants and would not be redressed by a favorable decision in this case.

First, the alleged injury is not traceable to defendants conduct because "it is 'indirect' at best and relies on the actions of third parties." R&D Master Enters. v. Fin. Oversight & Mgmt. Bd., 75 F.4th 41, 48 (1st Cir. 2023) (citation omitted). MSLaw and other law schools decided to adopt COVID-19 vaccine mandates. While plaintiff claims these mandates were the result of fraud and coercion by the defendants, this allegation "is nothing more than a bare hypothesis" that does not demonstrate that defendants' conduct caused any law school to act. See Katz v. Pershing, LLC, 672 F.3d 64, 77 (1st Cir. 2012).

The lack of traceability alone is dispositive of plaintiff's standing claim but this Court will consider the redressability requirement for good measure. In the case at bar, plaintiff's alleged loss of his right to a legal education would in no way be redressed by a favorable decision. To rectify the alleged injury, plaintiff seeks broad and all-embracing relief that would require the Commonwealth to, among other things, audit its public health records and correct its past COVID-19 pronouncements. The alleged injury and requested relief are incongruous.[2]

Because plaintiff lacks standing, this action will be dismissed and this Court declines to address the defendants' arguments regarding plaintiff's failure to state a claim and the applicability of the Eleventh Amendment.

---

[2] Even if plaintiff sought reinstatement to MSLaw or dissolution of MSLaw's vaccination policy, which he does not, he cannot seek such relief in this case because MSLaw is not a party. See Dantzler, Inc. v. Empresas Berrios Inventory & Operations, Inc., 958 F.3d 38, 49 (1st Cir. 2020) (finding no redressability where remedy would require nonparties to alter conduct).

**ORDER**

For the foregoing reasons, defendants' motion to dismiss (Docket No. 28) is **ALLOWED**.  Plaintiff's request for a hearing (Docket No. 33) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated October 27, 2023